UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:18-cv-61777-WPD

JOHN J. DURANT,

    Plaintiff,

v.

LAS OLAS YACHT GROUP, LLC,

    Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Las Olas Yacht Group, LLC ("LOYG"), by its undersigned counsel, hereby submits its Answer and Affirmative Defenses to Plaintiff John J. Durant's Complaint, and in support state as follows:

## ANSWER

## AS TO SECTION TITLED "SUMMARY OF THE ACTION"

1. Defendant admits that Plaintiff's Complaint attempts to seek damages for alleged violations of 17 U.S.C. § 106 and denies all remaining allegations of paragraph 1 of the Complaint.

2. Defendant is without knowledge of the allegations in paragraph 2 of the Complaint and therefore denies the same.

3. Defendant admits that it is a yacht brokerage firm and denies all remaining allegations of paragraph 3 of the Complaint.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

### AS TO SECTION TITLED "JURISDICTION AND VENUE"

5. Defendant admits that Plaintiff's Complaint attempts to allege an action arising out of 17 U.S.C. § 501.

6. Defendant admits that this Court has subject matter jurisdiction over the Plaintiff's claims.

7. Defendant admits that this Court has personal jurisdiction over the Defendant.

8. Defendant admits this District is the proper venue over the Plaintiff's claims and denies all remaining allegations of paragraph 8 of the Complaint.

### AS TO SECTION TITLED "DEFENDANT"

9. Defendant admits the allegations of paragraph 9 of the Complaint.

### AS TO SECTION TITLED "THE COPYRIGHTED WORK AT ISSUE"

10. Defendant is without knowledge of the allegations in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant is without knowledge of the allegations in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant is without knowledge of the allegations in paragraph 12 of the Complaint and therefore denies the same.

### AS TO SECTION TITLED "INFRINGEMENT BY DEFENDANT"

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. Defendant denies the allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant is without knowledge of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. Defendant admits that it received copies of the correspondence attached to the Complaint as Exhibit 3 and denies all remaining allegations of paragraph 21 of the Complaint.

## AS TO SECTION TITLED "COUNT I COPYRIGHT INFRINGEMENT"

22. Defendant repeats and incorporates its answers to paragraphs 1 through 21 inclusive as if set forth herein.

23. Defendant is without knowledge of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24. Defendant is without knowledge of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

Defendant denies that Plaintiff is entitled to any of the relief demanded in subparagraphs (a) through (d) of the "Prayer for Relief" section of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff lacks standing and/or the capacity to bring the claims and seek the alleged damages in the Complaint.

### Third Affirmative Defense

Plaintiff's claims are barred by Plaintiff's license, consent, and acquiescence to Defendant's alleged use.

### Fourth Affirmative Defense

Defendant acted in good faith at all times, and did not accidentally, negligently, wantonly, recklessly, knowingly, willfully, or fraudulently commit any act, withhold any information, or directly or indirectly induce any act or inaction that created liability to Plaintiff.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of misuse of copyright.

### Sixth Affirmative Defense

Plaintiff has failed to join indispensable parties as required under Fed. R. Civ. P. 19.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrine of fair use.

### Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

### Ninth Affirmative Defense

Plaintiff's claims are barred by the first sale doctrine.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Defendant demands trial by jury in this action of all issues so triable.

Date:   September 18, 2018                    Respectfully submitted by,

                                                                                     THE BRICKELL IP GROUP, PLLC
                                                                                      1101 Brickell Avenue
                                                                                      South Tower, Suite 800
                                                                                      Miami FL, 33131
                                                                                      Tel: 305-728-8831
                                                                                      Fax: 305-428-2450

                                               By:    s/ *Richard Guerra*
                                                                   Richard Guerra
                                                                   Fla. Bar No. 689521
                                                                   Email: rguerra@brickellip.com
                                                                   Rafael Perez-Pineiro
                                                                   Fla. Bar No. 543101
                                                                   Email: rperez@brickellip.com

                                                                   *Counsel for Defendant*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice on September 18, 2018 on all counsel or parties of record on the Service List below.

## SERVICE LIST

SCHNEIDER ROTHMAN INTELLECTUAL
PROPERTY LAW GROUP, PLLC
Joel B. Rothman
Email: joel.rothman@sriplaw.com
Alexander C. Cohen
Email: alex.cohen@sriplaw.com
4651 North Federal Highway
Boca Raton, FL 33431
Telephone: (561) 404-4350
Facsimile: (561) 404-4353

*Counsel for Plaintiff*